UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x         Index No.:

GLADYS GEORGE,

                                Plaintiff,

     -against-

228 HOTEL CORPORATION (also d/b/a Hotel
Edison New York City), CARLOS MERLO,
and SONIA BREZAC,

                            Defendants.
-------------------------------------------------------------------x

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

      Plaintiff Gladys George, by her attorneys, Ofodile & Associates, P.C., complaining of

Defendants 228 Hotel Corporation (also d/b/a Hotel Edison New York City), Carlos Merlo, and Sonia

Brezac, upon information and belief, alleges as follows:

**NATURE OF ACTION**

      1.      This is an action at law to redress discrimination in employment on the basis of

sex and sexual harassment in the workplace, pursuant to:  Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. §§ 2000e to 2000e-17; the New York State Executive Law, Article 15, Section

296 (Human Rights Law); and the New York City Administrative Code § 8-502, et seq.

      2.      This is also an action at law to redress discrimination in employment on the basis of

race, pursuant to:  the Civil Rights Act of 1866, as amended, 42 U.S.C.§ 1981 et seq.; Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17; the New York State

Executive Law, Article 15, Section 296 (Human Rights Law); and the New York City Administrative

Code § 8, et seq.

1

3.      This is also an action at law to redress Defendants' retaliatory termination of Plaintiff for filing a complaint of sexual harassment in the workplace, in violation of:  Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17; the New York State Executive Law, Article 15, Section 296 (Human Rights Law); and the New York City Administrative Code §8, et seq.

4.      This is also an action at law to redress Defendants' retaliatory termination of Plaintiff for filing a complaint of race discrimination, in violation of:  the Civil Rights Act of 1866, as amended, 42 U.S.C.§ 1981 et seq.; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17; the New York State Executive Law, Article 15, Section 296 (Human Rights Law); and the New York City Administrative Code § 8, et seq.

5.      Plaintiff seeks injunctive and declaratory relief, compensatory and other equitable relief pursuant to:  Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17; the Civil Rights Act of 1866, as amended, 42 U.S.C.§ 1981 et seq.; the New York State Executive Law, Article 15, Section 296 (Human Rights Law); and the New York City Administrative Code § 8, et seq.

## JURISDICTION AND VENUE

6.      Jurisdiction is specifically conferred on the United States District Court by the aforementioned federal statutes.   The Court has supplemental jurisdiction over Plaintiff's claims based on the New York State Executive Law, Article 15, Section 296 (Human Rights Law) and the New York City Administrative Code § 8-502, et seq.

7.      The events, parties, transactions and injuries that form the basis of Plaintiff's federal

claims are identical to the events, parties, transactions and injuries that form the basis of Plaintiff's

claims under the New York State Executive Law, Article 15, Section 296 (Human Rights Law) and

the New York City Administrative Code § 8-502, et seq.

8.      Venue is proper because the events complained of occurred in Manhattan, New York,

which is within the Southern District of New York.


## PARTIES

9.      During all times relevant and material to this Complaint, Plaintiff Gladys George, a

Black Nigerian female resided in the Bronx, New York, which is within the jurisdiction of this Court.

10.     During all times relevant and material to this case, Defendant 228 Hotel Corporation

was a corporation organized under the laws of the State of New York and was authorized to do

business in the State of New York and was an employer within the meaning of:  Title VII of the Civil

Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17; the Civil Rights Act of 1866, as

amended, 42 U.S.C.§ 1981 et seq.; the New York State Human Rights Law; and the New York City

Administrative Code.

11.     During all times relevant and material to this case, Defendant 228 Hotel Corporation

owned and did business through the Hotel Edison New York City at 228 West 47th Street, New York,

New York 10036.

12.     During all times relevant and material to this case, Defendant Carlos Merlo, a Hispanic

male, was an employee of Defendant 228 Hotel Corporation and was employed at the Hotel Edison

New York City at 228 West 47th Street, New York, New York 10036.

13.     During most times relevant and material to this case, Defendant Sonia Brezac, a

female who is half Hispanic, was an employee of Defendant 228 Hotel Corporation and was

employed as the Executive Housekeeper in the Hotel Edison New York City at 228 West 47th Street,

New York, New York 10036.

14.    During all times relevant and material to this case, Defendant 228 Hotel Corporation

was responsible for the actions of Defendant Carlos Merlo and Defendant Sonia Brezac under the

common law principal agent / *respondeat superior* rule.


## FULFILLMENT OF ADMINISTRATIVE PREREQUISITES

15.    Before the institution of this action, Plaintiff served a copy of the Complaint on

the New York City Corporation Counsel's Office as well as on the New York City Commission on

Human Rights on or about April 4, 2005 in accordance with the requirements of the Administrative

Code of the City of New York § 8-502 (c).

16.    In addition, this action is filed within 90 days of Plaintiff's receipt of a Notice of Right

to Sue from the U.S. Equal Employment Opportunity Commission, a copy of which is annexed to this

Complaint.


## FACTS COMMON TO ALL CAUSES OF ACTION

17.    Gladys George began working as a Room Attendant/Housekeeper for Hotel Edison in

March 1975.

18.    In September 1992, Defendant Carlos Merlo, who was Head of Housekeeping at the

time, began sexually harassing Plaintiff.  When Plaintiff reported this action in 1992, the then

management was proactive about it and demoted Mr. Merlo from his position as Head of

Housekeeping.

19.     However, because Defendant Carlos Merlo had been there for a long time and was responsible for hiring most of the cleaning staff, including the supervisors, and because those whom he had hired took over, Plaintiff's subsequent complaints of sexual harassment by Defendant Carlos Merlo were not taken seriously.  Plaintiff was reprimanded and retaliated against in the assignment of help to the room attendants/housekeepers for making these complaints, which made her work much more difficult and her work environment more hostile.

20.     On the morning of June 24, 2000, Plaintiff reported to work at about 8:30 a.m.  When Plaintiff entered the Hotel building, Defendant Carlos Merlo followed Plaintiff into the elevator to the 22nd floor, which was Plaintiff's assigned floor for that day.

21.     On the 22nd floor, Defendant Carlos Merlo told Plaintiff that the people who had occupied Room 2211 had checked out and he told Plaintiff that she should follow him to clean that room.  When Plaintiff entered the room, Defendant closed and locked the door and began fondling her all over.  Defendant Carlos Merlo then lowered his pants and started to bite Plaintiff's neck.  Plaintiff was in a state of shock but managed to say, "What are you doing?"  He did not answer.

22.     Defendant Carlos Merlo then forced Plaintiff onto the bed and he raped her from behind.

23.     After Defendant raped Plaintiff, he threatened her that if she ever mentioned a word of what happened to anybody, he would send someone to "finish" her and her family.

24.     After Defendant Carlos Merlo raped Plaintiff on that day, Defendant Carlos Merlo took Plaintiff's watch.  Defendant Carlos Merlo still has not returned Plaintiff's watch to her despite her requests to him to return it.

25.     Plaintiff was very frightened after the rape.  Plaintiff reported the rape to the Executive Housekeeper, Defendant Sonia Brezac, but Hotel Edison failed to investigate.  Defendant Sonia Brezac asked her if she had any witnesses.

26.     After the rape, Plaintiff was unable to sleep.  At the end of that week, Plaintiff went to the Emergency Department of the Harlem Hospital Center to complain about vaginal itching.  Plaintiff was referred to the Gynecological Clinic for follow-up.  Plaintiff told the nurses that she had been raped and she was referred to the Hospital's Rape Crisis program where she started received counseling for psychological trauma.

27.     On November 1, 2002, Plaintiff was raped again in nearly the same fashion by Defendant Carlos Merlo, this time on the 14th floor of the Hotel in another vacant room.  Defendant Carlos Merlo again threatened bodily harm to Plaintiff and her family if she told anybody about the incident.

28.     After Plaintiff was raped again on November 1, 2002, Plaintiff complained again to Executive Housekeeper, Defendant Sonia Brezac.  Defendant Sonia Brezac again asked Plaintiff if she had any witnesses and did not take any action on the complaint.  Defendant Sonia Brezac, like Carlos Merlo, is of Hispanic descent, while Plaintiff is Black.

29.      Defendant Carlos Merlo made attempts to rape Plaintiff again.  On the third attempt, Plaintiff threatened to report him to outside authorities notwithstanding his threats.  Defendant Carlos Merlo responded that no one would believe Plaintiff.

30.     Defendant Carlos Merlo continued to sexually abuse Plaintiff.  Everyday, as she arrived to work, Defendant Carlos Merlo would meet her in the basement of the Hotel building where she punched in her time card to fondle/touch her breast and run away.  After fondling her breast and

before he ran off, he would put his index finger to his lips, indicating to her to keep quiet about the harassment.  Plaintiff's complaints regarding this harassment went unremedied.

31.    On or about January 3, 2003, Defendant Carlos Merlo attempted to rape Plaintiff again.  Defendant followed Plaintiff to an empty Hotel room that Plaintiff was going to work in. Plaintiff stood her ground, fought Defendant off, and threatened to raise alarm if he persisted in his attempt to rape her.  However, Defendant Carlos Merlo managed to ejaculate on her clothing, and Plaintiff ended up going to the bathroom to wash Defendant's semen off her work apparel.

32.    On one occasion, John Gleeson, the Hotel Manager, was checking room 2219 wanting to put a guest in that room.  Plaintiff saw Mr. Gleeson and told him that Defendant Carlos Merlo had raped her in that room.  Mr. Gleeson told her that he was coming back and then just left, without taking any action on her complaint.

33.    On or about November 22, 2003, Defendant Carlos Merlo again started fondling Plaintiff with the intention of raping Plaintiff.  An argument ensued between Plaintiff and Defendant, which led to a physical altercation.  Defendant Carlos Merlo later told Hotel Management that Plaintiff was the aggressor and Plaintiff was suspended from work for the rest of the day but Mr. Merlo was not.

34.    In or about late 2003, Plaintiff applied for a disability/sick leave because she had been raped by Defendant Carlos Merlo and could not continue to work under this hostile work environment.  Plaintiff took this leave.

35.    Plaintiff filed a complaint alleging discrimination on the basis of sex and sexual harassment, and discrimination on the basis of race by Defendants with the U.S. Equal Employment Opportunity Commission in April 2004.

36.     In October 2004, Plaintiff's doctor told her she was ready to go back to work. However, when Plaintiff applied to Executive Housekeeper, Defendant Sonia Brezac, to return to work, Defendant Sonia Brezac did not allow Plaintiff to go back to work.  Plaintiff was effectively terminated in retaliation for filing the complaint with the EEOC.

37.     Defendant Carlos Merlo's rape of, sexual harassment of, and discrimination against Plaintiff subjected her to a hostile work environment and has subjected her to great mental and physical distress.  Plaintiff felt so afraid to go to work and thought often of committing suicide because of the harassment.  She felt totally helpless and vulnerable because management had knowledge of what was happening and failed to prevent it, protect Plaintiff, and punish Carlos Merlo.

38.     In addition, Plaintiff was so afraid of Defendant Carlos Merlo's threats of physical harm to her and her family that she moved to a different residence.


## AS FOR A FIRST CAUSE OF ACTION

39.      Plaintiff repeats and realleges paragraphs 1 through 38 as if each paragraph is repeated verbatim herein.

40.     In violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17, Plaintiff was raped and sexually harassed at work and subjected to a sexually hostile work environment on account of her female sex.


## AND AS FOR A SECOND CAUSE OF ACTION

41.      Plaintiff repeats and realleges paragraphs 1 through 40 as if each paragraph is repeated verbatim herein.

8

42.    In violation of the New York State Executive Law, Article 15, Section 296 (Human Rights Law), Plaintiff was raped and sexually harassed at work and subjected to a sexually hostile work environment on account of her female sex.

## AND AS FOR A THIRD CAUSE OF ACTION

43.    Plaintiff repeats and realleges paragraphs 1 through 42 as if each paragraph is repeated verbatim herein.

44.    In violation of the New York City Administrative Code § 8, et seq., Plaintiff was raped and sexually harassed at work and subjected to a sexually hostile work environment on account of her female sex.

## AND AS FOR A FOURTH CAUSE OF ACTION

45.    Plaintiff repeats and realleges paragraphs 1 through 44 as if each paragraph is repeated verbatim herein.

46.    In violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17, Defendant 228 Hotel Corporation discriminated against Plaintiff in the terms, conditions, and privileges of her employment on account of her female sex.

## AND AS FOR A FIFTH CAUSE OF ACTION

47.    Plaintiff repeats and realleges paragraphs 1 through 46 as if each paragraph is repeated verbatim herein.

48.    In violation of the New York State Executive Law, Article 15, Section 296 (Human

9

Rights Law), Defendant 228 Hotel Corporation discriminated against Plaintiff in the terms,

conditions, and privileges of her employment on account of her female sex.

## AND AS FOR A SIXTH CAUSE OF ACTION

49.     Plaintiff repeats and realleges paragraphs 1 through 48 as if each paragraph is

repeated verbatim herein.

50.     In violation of the New York City Administrative Code § 8, et seq., Defendants

228 Hotel Corporation, Carlos Merlo, and Sonia Brezac discriminated against Plaintiff in the terms,

conditions, and privileges of her employment on account of her female sex.

## AND AS FOR A SEVENTH CAUSE OF ACTION

51.     Plaintiff repeats and realleges paragraphs 1 through 50 as if each paragraph is

repeated verbatim herein.

52.     In violation of the Civil Rights Act of 1866, as amended, 42 U.S.C.§ 1981 et seq.,

Defendants 228 Hotel Corporation, Carlos Merlo, and Sonia Brezac discriminated against Plaintiff in

the terms, conditions, and privileges of her employment on account of her Black race.

## AND AS FOR AN EIGHTH CAUSE OF ACTION

53.     Plaintiff repeats and realleges paragraphs 1 through 52 as if each paragraph is

repeated verbatim herein.

54.     In violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§

2000e to 2000e-17, Defendant 228 Hotel Corporation discriminated against Plaintiff in the terms,

conditions, and privileges of her employment on account of her Black race.

## AND AS FOR A NINTH CAUSE OF ACTION

55.     Plaintiff repeats and realleges paragraphs 1 through 54 as if each paragraph is repeated verbatim herein.

56.     In violation of the New York State Executive Law § 296 (Human Rights Law), Defendant 228 Hotel Corporation discriminated against Plaintiff in the terms, conditions, and privileges of her employment on account of her Black race.

## AND AS FOR A TENTH CAUSE OF ACTION

57.     Plaintiff repeats and realleges paragraphs 1 through 56 as if each paragraph is repeated verbatim herein.

58.     In violation of the New York City Administrative Code § 8, et seq., Defendants 228 Hotel Corporation, Carlos Merlo, and Sonia Brezac discriminated against Plaintiff in the terms, conditions, and privileges of her employment on account of her Black race.

## AND AS FOR AN ELEVENTH CAUSE OF ACTION

59.     Plaintiff repeats and realleges paragraphs 1 through 58 as if each paragraph is repeated verbatim herein.

60.     In violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17, Plaintiff was constructively discharged from her employment on account of her female sex.

11

## AND AS FOR A TWELFTH CAUSE OF ACTION

61.     Plaintiff repeats and realleges paragraphs 1 through 61 as if each paragraph is repeated verbatim herein.

62.     In violation of the New York State Executive Law, Article 15, Section 296 (Human Rights Law), Plaintiff was constructively discharged from her employment on account of her female sex.

## AND AS FOR A THIRTEENTH CAUSE OF ACTION

63.     Plaintiff repeats and realleges paragraphs 1 through 62 as if each paragraph is repeated verbatim herein.

64.     In violation of the New York City Administrative Code § 8, et seq., Plaintiff was constructively discharged from her employment on account of her female sex.

## AND AS FOR A FOURTEENTH CAUSE OF ACTION

65.     Plaintiff repeats and realleges paragraphs 1 through 64 as if each paragraph is repeated verbatim herein.

66.     In violation of the Civil Rights Act of 1866, as amended, 42 U.S.C.§ 1981 et seq., Plaintiff was constructively discharged from her employment on account of her Black race.

## AND AS FOR A FIFTEENTH CAUSE OF ACTION

67.     Plaintiff repeats and realleges paragraphs 1 through 66 as if each paragraph is repeated verbatim herein.

68.     In violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17, Plaintiff was constructively discharged from her employment on account of her Black race.

## AND AS FOR A SIXTEENTH CAUSE OF ACTION

69.     Plaintiff repeats and realleges paragraphs 1 through 68 as if each paragraph is repeated verbatim herein.

70.     In violation of the New York State Executive Law § 296 (Human Rights Law), Plaintiff was constructively discharged from her employment on account of her Black race.

## AND AS FOR A SEVENTEENTH CAUSE OF ACTION

71.     Plaintiff repeats and realleges paragraphs 1 through 70 as if each paragraph is repeated verbatim herein.

72.     In violation of the New York City Administrative Code § 8, et seq., Plaintiff was constructively discharged from her employment on account of her Black race.

## AND AS FOR AN EIGHTEENTH CAUSE OF ACTION

73.     Plaintiff repeats and realleges paragraphs 1 through 72 as if each paragraph is repeated verbatim herein.

74.     In violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17, Defendant 228 Hotel Corporation terminated Plaintiff in retaliation for filing a complaint with the U.S. Equal Employment Opportunity Commission of sexual harassment, rape, and

discrimination on the basis of her female sex.

## AND AS FOR A NINETEENTH CAUSE OF ACTION

75.     Plaintiff repeats and realleges paragraphs 1 through 74 as if each paragraph is repeated verbatim herein.

76.     In violation of the New York State Executive Law § 296 (Human Rights Law), Defendant 228 Hotel Corporation terminated Plaintiff in retaliation for filing a complaint with the U.S. Equal Employment Opportunity Commission of sexual harassment, rape, and discrimination on the basis of her female sex.

## AND AS FOR A TWENTIETH CAUSE OF ACTION

77.     Plaintiff repeats and realleges paragraphs 1 through 76 as if each paragraph is repeated verbatim herein.

78.     In violation of the New York City Administrative Code § 8, et seq., Defendants 228 Hotel Corporation, Carlos Merlo, and Sonia Brezac terminated Plaintiff in retaliation for filing a complaint with the U.S. Equal Employment Opportunity Commission of sexual harassment, rape, and discrimination on the basis of her female sex.

## AND AS FOR A TWENTY-FIRST CAUSE OF ACTION

79.     Plaintiff repeats and realleges paragraphs 1 through 78 as if each paragraph is repeated verbatim herein.

80.     In violation of the Civil Rights Act of 1866, as amended, 42 U.S.C.§ 1981 et seq.,

14

Defendants 228 Hotel Corporation, Carlos Merlo, and Sonia Brezac terminated Plaintiff in retaliation for filing a complaint with the U.S. Equal Employment Opportunity Commission of race discrimination.

### AND AS FOR A TWENTY-SECOND CAUSE OF ACTION

81.     Plaintiff repeats and realleges paragraphs 1 through 80 as if each paragraph is repeated verbatim herein.

82.     In violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17, Defendant 228 Hotel Corporation terminated Plaintiff in retaliation for filing a complaint with the U.S. Equal Employment Opportunity Commission of race discrimination.

### AND AS FOR A TWENTY-THIRD CAUSE OF ACTION

83.     Plaintiff repeats and realleges paragraphs 1 through 82 as if each paragraph is repeated verbatim herein.

84.     In violation of the New York State Executive Law § 296 (Human Rights Law), Defendant 228 Hotel Corporation terminated Plaintiff in retaliation for filing a complaint with the U.S. Equal Employment Opportunity Commission of race discrimination.

### AND AS FOR A TWENTY-FOURTH CAUSE OF ACTION

85.     Plaintiff repeats and realleges paragraphs 1 through 84 as if each paragraph is repeated verbatim herein.

86.     In violation of the New York City Administrative Code § 8, et seq., Defendants 228

Hotel Corporation, Carlos Merlo, and Sonia Brezac terminated Plaintiff in retaliation for filing a complaint with the U.S. Equal Employment Opportunity Commission of race discrimination.

**WHEREFORE,** Plaintiff prays for judgment as follows:

**Under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17, for each of the First, Fourth, Eighth, Eleventh, Fifteenth, Eighteenth, and Twenty-Second Causes of Action against Defendant 228 Hotel Corporation:**

      i.    declaring the acts and conduct complained of herein in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17;

      ii.    enjoining and permanently restraining these violations and directing Defendant 228 Hotel Corporation and its managers and officers to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

      iii.    enjoining Defendant 228 Hotel Corporation and its managers or officers from committing or allowing any further harassment against Plaintiff or further retaliation against Plaintiff;

      iv.    ordering Defendant 228 Hotel Corporation to pay Plaintiff back wages and front wages along with raises, fringe benefits, and bonuses she would have received had she not been unlawfully terminated;

      v.    ordering Defendant 228 Hotel Corporation to reinstate Plaintiff in her position as a Room Attendant/Housekeeper in the Hotel Edison New York City, 228

West 47th Street, New York, New York 10036;

vi.     ordering Defendant 228 Hotel Corporation to pay Plaintiff the sum of Two

Million Dollars ($2,000,000.00) in general and compensatory damages for pain

and suffering, humiliation, emotional and physical distress, and mental anguish

suffered by Plaintiff as a result of Defendant's violations of her rights;

vii.    in light of the foregoing, awarding Plaintiff punitive damages in the amount

of Four Million Dollars ($4,000,000.00);

viii.   awarding Plaintiff attorneys' fees and the reasonable costs and disbursements

of this action; and

ix.     granting any other and further relief to the Plaintiff as the Court deems

necessary, just, and proper.


**Under the Civil Rights Act of 1866, as amended, 42 U.S.C.§ 1981 et seq. for each of the**

**Seventh, Fourteenth, and Twenty-First Causes of Action, against Defendants 228 Hotel**

**Corporation, Carlos Merlo, and Sonia Brezac, jointly and severally:**

i.      declaring the acts and conduct complained of herein in violation of the

Civil Rights Act of 1866, as amended, 42 U.S.C.§ 1981 et seq.;

ii.     enjoining and permanently restraining these violations and directing

Defendants and their managers and officers to take such affirmative action as is

necessary to ensure that the effects of these unlawful employment practices are

eliminated;

iii.    enjoining Defendants and their managers and officers from committing or

17

allowing any further harassment against Plaintiff or further retaliation against Plaintiff;

iv.     ordering Defendant 228 Hotel Corporation to pay Plaintiff back wages and front wages along with raises, fringe benefits, and bonuses she would have received had she not been unlawfully terminated;

v.      ordering Defendant 228 Hotel Corporation to reinstate Plaintiff in her position as a Room Attendant/Housekeeper in the Hotel Edison New York City, 228 West 47th Street, New York, New York 10036;

vi.     ordering Defendants to pay Plaintiff the sum of Two Million Dollars ($2,000,000.00) in general and compensatory damages for pain and suffering, humiliation, emotional and physical distress, and mental anguish suffered by Plaintiff as a result of Defendants' violations of her rights;

vii.    in light of the foregoing, awarding Plaintiff punitive damages in the amount of Four Million Dollars ($4,000,000.00);

viii.   awarding Plaintiff attorneys' fees and the reasonable costs and disbursements of this action; and

ix.     granting any other and further relief to the Plaintiff as the Court deems necessary, just, and proper.

**Under the New York State Executive Law, Article 15, Section 296 (Human Rights Law) for the each of the Second, Fifth, Ninth, Twelfth, Sixteenth, Nineteenth, and Twenty-Third Causes of Action against Defendant 228 Hotel Corporation:**

i.      declaring the acts and conduct complained of herein in violation of the

        New York State Executive Law, Article 15, Section 296 (Human Rights

        Law);

ii.     enjoining and permanently restraining these violations and directing Defendant

        228 Hotel Corporation and its managers and officers to take such affirmative

        action as is necessary to ensure that the effects of these unlawful employment

        practices are eliminated;

iii.    enjoining Defendant 228 Hotel Corporation and its managers and officers from

        committing or allowing any further harassment against Plaintiff or further

        retaliation against Plaintiff;

iv.     ordering Defendant 228 Hotel Corporation to pay Plaintiff back wages and

        front wages along with raises, fringe benefits, and bonuses she would have

        received had she not been unlawfully terminated;

v.      ordering Defendant 228 Hotel Corporation to reinstate Plaintiff in her position

        as a Room Attendant/Housekeeper in the Hotel Edison New York City, 228

        West 47th Street, New York, New York 10036;

vi.     ordering Defendant 228 Hotel Corporation to pay Plaintiff the sum of Two

        Million Dollars ($2,000,000.00) in general and compensatory damages for pain

        and suffering, humiliation, emotional and physical distress, and mental anguish

        suffered by Plaintiff as a result of Defendant's violations of her rights;

vii.    awarding Plaintiff the reasonable costs and disbursements of this action; and

viii.   granting any other and further relief to the Plaintiff as the Court deems

19

necessary, just, and proper.

**Under the New York City Administrative Code § 8, et seq. for each of the Third, Sixth, Tenth, Thirteenth, Seventeenth, Twentieth, and Twenty-Fourth Causes of Action against Defendants, jointly and severally:**

i.     declaring the acts and conduct complained of herein in violation of the New York City Administrative Code § 8, et seq.;

ii.    enjoining and permanently restraining these violations and directing the Defendants and their managers and officers to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

iii    enjoining the Defendants and their managers or officers from committing or allowing any further harassment against Plaintiff or further retaliation against Plaintiff;

iv.    ordering Defendant Corporation to pay Plaintiff back wages and front wages along with raises, fringe benefits, and bonuses she would have received had she not been unlawfully terminated;

v.     ordering Defendant Corporation to reinstate Plaintiff in her position as a Room Attendant/Housekeeper in the Hotel Edison New York City, 228 West 47th Street, New York, New York 10036;

vi.    ordering Defendants to pay Plaintiff the sum of Two Million Dollars ($2,000,000.00) in general and compensatory damages for pain and suffering,

humiliation, emotional and physical distress, and mental anguish suffered by

Plaintiff as a result of Defendants' violations of her rights;

vii.    in light of the foregoing, awarding Plaintiff punitive damages in the amount

of Four Million Dollars ($4,000,000.00);

viii.    awarding Plaintiff attorneys' fees and the reasonable costs and disbursements

of this action; and

ix.    granting any other and further relief to the Plaintiff as the Court deems

necessary, just, and proper.


Dated:  Brooklyn, New York
        April 4, 2005


OFODILE & ASSOCIATES, P.C.
Attorneys for Plaintiff Gladys George


By: _____
    Anthony C. Ofodile, Esq. (AO-8295)
    Kathy A. Polias, Esq. (KP-9025)
    498 Atlantic Avenue
    Brooklyn, New York 11217
    (718) 852-8300